IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEYERHAEUSER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-395-*** |
| v. | ) | |
| | ) | |
| DOW CHEMICAL COMPANY, UNIVERSITY | ) | |
| OF LEEDS, BTG INTERNATIONAL LTD., and | ) | |
| IAN M. WARD, | ) | |
| | ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION TO EXTEND TIME FOR PLAINTIFF TO SERVE COMPLAINT

Plaintiff Weyerhaeuser Company ("Weyerhaeuser" or "Plaintiff") by and through its undersigned counsel, hereby requests this Court to enter an Order extending by 60 days the time for Plaintiff to serve the complaint upon all defendants. This motion is made pursuant to Fed.R.Civ.P. 4(m).

## INTRODUCTION

Rule 4(m) of the Federal Rules of Civil Procedure requires that service be made upon a defendant within 120 days after the filing of the complaint. *See* Fed. R. Civ. Proc. 4(m). Upon a showing of good cause, however, Rule 4(m) provides that "the court shall extend the time for service for an appropriate period." *Id*; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (court has the discretion to determine whether good cause exists and then extend the time for service).

In this instance, Plaintiff and defendant Dow Chemical Company ("Dow") are involved in ongoing settlement discussions which may result in the dismissal of this entire action. Given that possibility, and the amount of time that would be required to serve the foreign defendants in

this action under the Hague Convention, Plaintiff requests that the Court grant a 60-day extension of time to complete service on all defendants.

## ARGUMENT

**A.     In Light Of The Ongoing Settlement Discussions, As Well As The Fact That Dow Does Not Oppose Plaintiff's Request, Good Cause Exists To Extend The Deadline For Plaintiff To Serve Its Complaint On All Defendants.**

Plaintiff filed the present action on June 21, 2007 against Dow, as well as foreign defendants University of Leeds, BTG International, Ltd., and Ian M. Ward. The complaint seeks declaratory relief with respect to the inventorship of certain patents owned by Plaintiff. Under Federal Rule 4(m), the deadline to serve the complaint is October 19, 2007.

After providing defendant Dow with a courtesy copy of the complaint, but before effecting service on any of the defendants, Plaintiff and Dow began substantive settlement discussions. If those discussions are successful, the result will be dismissal of the action as to all defendants. In light of the progress made in those discussions, and at the request of Dow, Plaintiff has refrained from serving not only Dow, but the foreign defendants as well.

As such, Plaintiff respectfully suggests that good cause exists to extend the time for service by 60 days to permit Plaintiff and Dow to complete their negotiations and possibly resolve this matter. First, Dow has informed Plaintiff that it supports this request for additional time to serve the complaint to allow Dow and Plaintiff to complete their discussions. That support, along with the fact that Dow has already received a courtesy copy of the complaint and is thus aware of Plaintiff's claims, demonstrate that there would be no prejudice to Dow if the request is granted. *See, e.g., Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("[A]ctual notice to a defendant that an action was filed militates against a finding of prejudice.").

Similarly, the foreign defendants, all of whom are located in the United Kingdom, will not be prejudiced if the extension of time is granted. To the contrary, given the possibility that

2

the case may be resolved as a result of the ongoing discussions between Plaintiff and Dow, it is actually to the foreign defendants benefit that the Court grant this extension, as the defendants may never need to become part of any litigation in the United States.

Finally, extending the time to serve the complaint in this action will conserve party and judicial resources. If this request is denied, Plaintiff will be required to undertake costly and time consuming procedures to serve the defendants, particularly the foreign defendants. With good faith settlement negotiations progressing, it would be a waste of judicial and party resources to undertake the Hague Convention procedures for service on the foreign defendants if the case will be resolved outside of court. Also, if the request is denied, the defendants – particularly the foreign defendants – would be put to the cost of obtaining counsel and responding to the complaint when, if the additional time is granted, the entire action may be resolved without any of the defendants incurring such legal expenses.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court grant its request and enter an Order in the form attached hereto granting a 60-day extension of the deadline for Plaintiff to effectuate service of the complaint on all defendants.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Kenneth E. Keller
KRIEG, KELLER, SLOAN,
   REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, CA  94104
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Dated:  September 21, 2007
184333.1

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify that prior to filing the attached **UNOPPOSED MOTION TO EXTEND TIME FOR PLAINTIFF TO SERVE COMPLAINT**, plaintiff's counsel sought defendants' consent to the requested relief. Defendant Dow Chemical Company consents to plaintiff's request.

*/s/ Lauren E. Maguire*
_____
/s/ Lauren E. Maguire (#4261)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEYERHAEUSER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-395-*** |
| v. | ) | |
| | ) | |
| DOW CHEMICAL COMPANY, UNIVERSITY | ) | |
| OF LEEDS, BTG INTERNATIONAL LTD., and | ) | |
| IAN M. WARD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING UNOPPOSED MOTION TO EXTEND TIME
FOR PLAINTIFF TO SERVE COMPLAINT**

This _____ day of _____, 2007, the Court having considered Plaintiff's Unopposed Motion to Extend Time for Plaintiff to Serve Complaint (the "Motion"), and having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED, and that Plaintiff's time to effectuate service on the defendants will be extended until December 18, 2007.

_____
United States Magistrate Judge
Mary Pat Thynge